Birchard, J.
In this caso, the call of the patent under which the defendant claims, is in these words : “ Beginning at two sugar-trees and a buckeye, upper corner to Philip Slaughter’s survey, No. ,588, running with his line north 66 degrees west 290 poles, to a lynn, sugar-tree and ash, in the line of said Slaughter’s survey.” The proof tended to show that the line, as run by the surveyor on, tho ground, and thus described, did not in point of fact correspond with Slaughter’s upper line, but diverged therefrom, leaving an unappropriated vacancy between it and the line of Slaughter of forty-one acres, which the plaintiff’s title covers. Tho fact to be tried by the jury, was a question of boundary purely, to wit, Where was Wilson’s lower line actually run ? Under the charge of the court, the jury were relieved from the inquiry touching this (act, and wore informed that, as the calls in Wilson’s entry and survey were for Slaughter’s line, he had the land up to that lino, although tho surveyed line was at a different place. In this there was undoubted error. The line actually run upon the ground, limits the rights of the patentee. He can not, in a case like this, claim title to lands without his boundary. His survey identifies tho land claimed by him. It defined and controlled his entry which was merged in the survey, and which last is alone embraced by tho patent. It is a well-settled rule, that a line actually marked and oalling for fixed natural objects, must be *controlled by those objects, and that the less certain means of ascertaining its locality, are to yield to the more certain. Thus, courso and distance must yield to artificial/fixed objects, and they again to permanent or natural objects. The permanent natural objects, in this boundary, are the lynn, sugar-tree, and ash, to which Beasly run. The fact that he misdescribed them, as standing in Slaughter’s line, so long as they are to be found, can not affect the right by transferring the line from them over to his line, and it is supposed would never have been thought capable of affecting such an object, but for a misconception of the case of Nash and Atherton, 10 Ohio, 163. That case simply decides that “a conveyance-of land purporting to be bounded on other lands, can not be so conotrued as to embrace the lands on which it is bounded,” and was intended to decide nothing more. There is no doubt of the legal *21 soundness of that proposition. Possibly, had I been concerned in that decision, I might have questioned its entire applicability of the principles to the facts of that case, at least till otherwise convinced by the arguments of my brethren. Be that as. it may, there is a difference between extending a location, so as to make it cover land previously appropriated, and limiting it by actual survey, so as to create a vacancy. New trial granted.